UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**Jean Whitely**
*as Personal Representative*
*of the Estate of Eugene Whitely*,

          Plaintiff(s),

No. 04-74516

v.

Honorable John Corbett O'Meara

**United States of America**,

          Defendant(s).

_____/

## COURTROOM PROCEDURES AND DECORUM

The purpose of this order is to contribute to the fairness, good order, and dignity of all courtroom proceedings. The rules of conduct set out here are not intended to be all-inclusive; they complement the obligations of counsel under the Code of Professional Responsibility and the civility policy put in effect February 5, 1996, by the United States District Court for the Eastern District of Michigan.

**THE DOORS IN THE COURTROOM LEADING TO THE JUDGE'S CHAMBERS ARE FOR THE USE OF THE JUDGE AND HIS STAFF ONLY.**
**ALL OTHERS ARE TO USE THE CHAMBERS ENTRANCE IN THE MAIN HALLWAY.**

1. Arrive promptly for all court sessions.

2. Stand as court is opened, recessed, or adjourned.

3. Stand when the jury enters, or retires, from the courtroom.

4. Stand when addressing, or being addressed by, the court.

5. Stand at the lectern while examining any witness. However, counsel may ask permission to approach the clerk's desk or the witness for purposes of handling or tendering exhibits.

6. Stand at the lectern while making opening statements or closing arguments and examining a witness.

**NOTE: Counsel with disabilities may, of course, request to be relieved from the requirements of 2-6.**

7. Present all motions from the lectern.

8. Address all remarks to the court, not to opposing counsel.

9. Avoid disparaging personal remarks or acrimony toward opposing counsel and remain detached from any ill feeling between the litigants or witnesses. Observe the court's civility policy.

10. Refer to all persons, including witnesses, other counsel, and the parties, by their surnames (preceded by Mr., Ms., or other title), **not** by their first names or nicknames.

11. Counsel and all others at the counsel table will remain seated at the counsel table during the course of the trial or hearing. Movements from the counsel table is permitted for the purpose of obtaining documents or exhibits, as long as it is not disruptive of the proceedings. However, neither counsel nor others at the counsel table will leave the courtroom while a trial or hearing is in session without the specific permission of the court.

12. No briefcases, boxes, or items of similar or larger design or structure will be permitted to remain on the counsel table while court is in session, without approval from the court.

13. Only one attorney for each party will examine, or cross-examine, each witness. The attorney stating objections, if any, during direct examination will be the attorney recognized for cross-examination.

14. Counsel will request permission before approaching the bench or the witness.

15. Any documents counsel wishes to have the court examine will be handed to the clerk.

16. Court time **may not** be used for marking exhibits. Exhibits must be marked in advance of the court session. The marking of exhibits will be as follows:

    a. the plaintiff will list exhibits in Arabic numerals, and

    b. the defendant will list exhibits in alphabetical order. (If there is more than one defendant, it is recommended that each defendant arbitrarily select a prefix letter. E.g., A-1, B-1, C-1.

    c. a copy of each documentary exhibit will be provided for the Judge.

    d. if, for some adequate reason an exhibit has not been previously marked, it will first be handed to the court reporter to be marked before it is given to a witness for her/his examination. Any exhibit offered in evidence will, at the time of such offer, be handed to opposing counsel.

17. To the extent possible, exhibits should by **on** the witness stand or in a notebook placed on a cart next to the witness stand. Trips back and forth to show exhibits to the witness will not be routinely allowed. They will **at least** be kept to an absolute minimum.

18. Cross-examination will be restricted to matters covered in direct and credibility matters. If the cross-examining attorney wants the witness recalled as his or her own witness, it will be done.

19. There will be no interruption of testimony for sidebars or arguments outside the presence of the jury. Matters requiring the courts' attention will be dealt with before the jury has assembled in the morning or after the jury has been sent home in the afternoon, or, if needed, at a recess.

20. When a problem of establishing a date or other fact not in dispute arises because a witness's memory is inadequate but where the date or fact can be established by "refreshing the memory" of the witness by review of a document, the court will turn to the other side and say "stipulate the date (or fact)." The court expects the other side will so stipulate, absent any substantive reason not to do so.

21. In making objections, counsel

   a. will state only the legal grounds for the objection and will withhold all further comment or argument unless elaboration is requested by the court, and

   b. will not argue further after a ruling on the issue has been rendered.

22. In examining a witness, counsel will not repeat, summarize, or comment on the answer given by the witness. (E.g. "good," "O.K.," "all right," or any other editorial comment.)

23. Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

24. In opening statements and in closing arguments to the jury, counsel **will not**:

   a. express personal knowledge or opinion concerning any matter in issue;

   b. read or purport to read from depositions, trial transcripts, statutory, decisional, or other law, or any other arguably authoritative source, without the express permission of the court;

   c. suggest to the jury, directly or indirectly, that it may, or should, request transcripts or the reading of any testimony by the court reporter.

25. Counsel will not establish, or attempt to establish, any direct communication with the jury, except during the opening statement and the closing argument or on such other occasions which may be authorized by the court.

26. No exhibit will be presented to a member of the jury without the specific permission of the court.

27. Gestures, facial expressions, audible comments, or the like, as manifestations of approval, disapproval, or any other point of view, are **prohibited.**

28. If witnesses are sequestered, counsel must assure that each witness called or to be called understands that:

    a. (s)he **may not** discuss the testimony (s)he expects to give or has given in the matter before the court;

    b. (s)he **may not** discuss the testimony any other witness has given, or expects to give, in this matter with that witness or with anyone else who has knowledge of proceedings in the courtroom;

    c. should anyone attempt to discuss the testimony (s)he has given or expects to give in this matter with her/him, (s)he **may not** engage in such discussion and should notify the court as

       soon as possible of all the circumstances concerning the attempt or attempts to discuss testimony; and

    d. (s)he **may** discuss her/his testimony or prospective testimony with counsel.

29. Usually, during a trial or other proceedings, there are discussions with the court about scheduling matters.  Counsel should engage in these conversations freely, with the understanding that all of the rights they would have to early relief on motion will in no way be compromised.

5

**SO ORDERED.**

        **s/John Corbett O'Meara**
        **John Corbett O'Meara**
        **United States District Judge**


**Dated:  April 19, 2006**